NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0468n.06

Case No. 23-5644

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Nov 25, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TRENTON LAYNE TAYLOR, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

BEFORE: COLE, MATHIS, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. A grand jury indicted Trenton Taylor for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Taylor moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional as applied to him under the Supreme Court's recent Second Amendment jurisprudence. The district court denied his motion to dismiss, and Taylor pleaded guilty. Taylor, having reserved his appellate right, now challenges the district court's order denying his motion to dismiss. Because Taylor's conviction under § 922(g)(1) does not run afoul of the Second Amendment, we affirm.

I.

Taylor's prior felony convictions arise from a burglary he committed alongside his father, Darren Taylor. Darren owned a trailer where both he and Taylor lived for a portion of Taylor's youth. After Taylor and Darren moved out, a relative resided at the trailer until that relative's passing. That passing led to a dispute between the decedent's family and Darren, as Darren sought

to get the new occupants evicted. Darren and one of the new occupants exchanged threatening text messages, and Darren sought assistance from the county attorney to evict them. The county attorney ignored the situation, so Darren took matters into his own hands, with Taylor's help. Darren and Taylor went to the trailer where Taylor kicked in the door and entered the property with a Glock 19 firearm in his waistband. They stole a cell phone and two cameras.

As a result of these events, Taylor was indicted in Kentucky state court and pleaded guilty to second degree burglary and receiving stolen property—both felonies—as well as carrying a concealed weapon. The state court sentenced Taylor to serve seven and a half years' imprisonment on the burglary count, five years on the stolen property count, and one year on the weapon count, but suspended all these sentences and imposed five years of supervised probation.

While on probation, Taylor possessed multiple firearms, including an AR-15 style semiautomatic rifle. Taylor also regularly participated in chat forums associated with an anti-government group, and made anti-government social media posts, including promoting violence against law enforcement. In these forums, Taylor expressed a desire to modify firearms and shared photos of himself training with AR-style rifles. A grand jury returned a superseding indictment charging Taylor with three counts of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1).

Taylor moved to dismiss his indictment, arguing that § 922(g)(1) was unconstitutional as applied to him. Taylor claimed the statute violated his rights under the Second Amendment to the United States Constitution because he was a nonviolent felon. The district court disagreed. Relying on its review of the relevant "historical tradition" underlying the Second Amendment, the court concluded that § 922(g)(1) could apply to dangerous individuals. (Order, R. 32, PageID 130

(quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022)). And it concluded that Taylor presented a threat to the public, making § 922(g)(1) constitutional as applied to him.

Taylor pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) but retained his right to appeal the district court's order denying his motion to dismiss the indictment. At Taylor's sentencing hearing, the district court described Taylor's conduct as harming his community and making people feel less safe. (Sentencing Hr'g Tr., R. 58, PageID 309–10.) The district court was "concerned about kind of a seeming willingness, not only to possess a firearm illegally, but to make changes to firearms that are illegal." (*Id.* PageID 310–11.) The district court was further concerned about Taylor's involvement in a "fringe element in society." (*Id.* PageID 312–13.) Following sentencing in the district court, Taylor also faced a probation revocation hearing in his state court case because, by carrying a firearm, he had violated the terms of his probation.

## II.

Taylor argues that the district court erred in denying his motion to dismiss his indictment because § 922(g)(1) is unconstitutional as applied to him. We review de novo a district court's ruling on a motion to dismiss an indictment, *United States v. Xu*, 114 F.4th 829, 838 (6th Cir. 2024) (citing *United States v. Iossifov*, 45 F.4th 899, 911 (6th Cir. 2022)), as well as the denial of a "motion challenging the constitutionality of a federal statute," *United States v. Goins*, 118 F.4th 794, 797 (6th Cir. 2024) (citation omitted).

Since Taylor's appeal, both the Supreme Court and this court have set forth new precedents governing Second Amendment challenges to firearms regulations. One of our precedents—*United States v. Goins*—is dispositive here. In *Goins*, after a historical review of firearms regulation, this court concluded that § 922(g)(1) was constitutional as applied to individuals who possessed

firearms while on probation. *Id.* at 801–02. Specifically, "our nation's historical tradition of forfeiture laws, which temporarily disarmed convicts while they completed their sentences, also supports disarming those on parole, probation, or supervised release." *Id.*; *see also id.* at 807 (Bush, J., concurring in part and concurring in the judgment) (noting that defendant's "conviction for illegal possession of a firearm may be upheld simply because [he] was on probation at the time of his offense"); *United States v. Moore*, 111 F.4th 266, 269–72 (3d Cir. 2024).

Like the defendant in *Goins*, Taylor was also on probation when he possessed firearms in violation of § 922(g)(1). So like *Goins*, Taylor's Second Amendment as-applied challenge to his §922(g)(1) conviction fails.[1]

III.

For these reasons, we affirm.

---

[1] Also like the defendant in *Goins*, Taylor argues that the government has forfeited the argument that his probation status renders constitutional his prosecution under 18 U.S.C. § 922(g)(1) because the government did not raise it in its briefs or before the district court. As in *Goins*, the government argued about Taylor's dangerousness in its briefs and only raised the probation issue in a post-briefing letter to the court. We did not consider the issue forfeited in *Goins*, and we accordingly do not here. *Goins*, 118 F.4th at 797 n.2. There is even less reason to find the issue forfeited here because the government specifically asked us to hold this appeal in abeyance pending this court's decision in *Goins* so that it could apply *Goins*'s holding to Taylor's appeal.